UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYCE A. JACKSON,

                Plaintiff,

    v.

CHUCK ATKINS, et al.,

                Defendant.

CASE NO. 3:22-cv-05304-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. After reviewing Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declined to serve Plaintiff's complaint but granted him leave to file an amended pleading by **June 10, 2022**, to cure the deficiencies the Court identified. In response, Plaintiff filed on May 20. 2022 a pleading indicating he believes his complaint is sufficient and he therefore need not file an amended complaint. Dkt. 7. The Court filed a second order granting leave to amend, Dkt. 8, and Plaintiff again responded arguing his complaint is sufficient and the case should go forward without any amendment. The matter is now ripe for the Court to address this case. For the reasons below, the Court recommends the case be **DISMISSED.**

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, who is currently housed at Washington State Penitentiary, alleges Defendants violated his rights under the Eighth and Fifth Amendments regarding the conditions of his confinement and his treatment while he was detained at Clark County Jail. Dkt. 1-1. Plaintiff names the following Defendants: Chuck Atkins (Sheriff, Clark County Sheriff's Office), Barnett (Commander, Clark County Sheriff's Office), Bishop (Commander, Clark County Sheriff's Office), Clark (Commander, Clark County Sheriff's Office), and Belltran (Commander, Clark County Sheriff's Office). *Id.* Plaintiff indicates he intends to sue Defendants in their individual and official capacities. *Id.*

Plaintiff's complaint alleges:

> On December 31, 2019 plaintiff arrived at CCJ for a charge that he was acquitted for 17 months later, during the course of his incarceration he was subjected to a wide range of inhumane abuse by the Clark County Jailers who were acting on express orders from Clark County sheriff and commanders these abuses include sensory deprivation, medical malpractice, m/h malpractice, physical assault, chemical assault, malnourishment/starvation tactics, (potential) radiation exposure ("if" body scanner was powered by radiation) denial of constitutional required services and products/ programming, provocation, deliberate indifference [and] tampering, misuse of disciplinary system, verbal abuse, sexual-harassment, excessive force, obstructing access to the courts, classification practices that were contrary to CCJ policy, denied me access to my personal property. The body scanner was in very close proximity to the short term detox cells plaintiff was illegally housed in for a grand total of 9 1/2 months: this machine was malfunctioning quite often actively going off for hours at a time with caution light illuminated. Staff knew this and persisted using these cells.

*Id.* Plaintiff further alleges:

> [he suffered] liver damage caused by chemically tampered with food, (potential) radiation exposure, psychological duress, anguish, head injury from physical assault, muscular deterioration from starvation, scar tissue and nerve damage to my hand were a CO stabbed my hand while misusing cuffs with retainer attached to cause hypertension and the metal that dug into my flesh.
> By way of future document production specific dates shall be entered into discovery for reference to the alleged violations plaintiff has cited.
> CCSO commanders had specifically order[ed] the jailers to commit the

REPORT AND RECOMMENDATION - 2

actions in question, there is documentation that would support this claim. The commanders that did not order the actions in question would reasonably of known that said incidents were occurring, thus these commanders would be guilty by association as they had direct understanding of the situation and chose deliberate indifference rather than deliberate action at a later time documentation shall be entered into discovery that shall illustrate the fact that defendant did facilitate all violations in question as Chuck Atkins reasonably would of been informed about the incidents considering the severity and volume of incidents that happened in his jail, not one time did he come upstairs and investigate the many complaints I filed I was subjected a campaign of harassment by the express official and unofficial actions of these defendants. I do not want to cause a social precedent to be est[ablished] by them because if they did est[ablish] one it would only cause the abuses to escalate hence the reasoning for this complaint.

*Id.*

As relief, Plaintiff seeks monetary damages for "compensatory and punitive purpose" in the amount of $5,000,000.00. *Id.*

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A.    *Personal Participation and Failure to State a Claim*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

REPORT AND RECOMMENDATION - 3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Moreover, vague and mere conclusory allegations unsupported by facts are not sufficient to state a section 1983 claim. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

In this case, Plaintiff makes generalized, conclusory allegations regarding "inhumane abuses" by "Clark County Jailers." Dkt. 1-1. But the complaint fails to identify a particular Defendant as an actor engaging in any specific conduct alleged to violate Plaintiff's constitutional rights. Plaintiff fails to allege any specific wrong-doing by the named Defendants and has failed to adequately explain what specific actions or inactions by Defendants resulted in an alleged constitutional violation. Rather, Plaintiff alleges Defendants are liable because of their supervisory positions. Plaintiff alleges the "inhumane actions" by the unidentified "Clark County Jailers" were taken based on "express orders" by Defendants Clark County Sheriff and Commanders. But Plaintiff fails to identify any specific actions taken by any identified

REPORT AND RECOMMENDATION - 4

individual that violated his constitutional rights and provides no facts to support this generalized, conclusory assertion that any actions were taken at the direction of any of the Defendants. Therefore, Plaintiff's allegations are insufficient to show Defendants violated his constitutional rights.

To proceed with any claims against the named Defendants, Plaintiff must set forth specific factual allegations underlying his claims and specifically identify how each person violated his constitutional rights.

B.   *Municipal Liability*

Plaintiff also appears to seek to bring claims against Defendants in their official capacities. A claim brought against a municipal official in their official capacity is treated as a claim against the municipal entity itself. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity of which an officer is an agent."). Generally, to state a claim against a municipality, plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipality liability under § 1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385-90. The Supreme Court has

1  emphasized the unconstitutional acts of a government agent standing alone cannot lead to
2  municipal liability; there is no supervisory liability under § 1983. *Monell*, 436 U.S. at 692.
3     Here, Plaintiff's complaint fails to allege sufficient facts to state a claim against
4  Defendants in their official capacities, and the case should be dismissed.

**OBJECTIONS AND APPEAL**

6     This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should
7  not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the
8  assigned District Judge enters a judgment in the case.
9     Objections, however, may be filed no later than **June 28, 2022.**  The Clerk shall note the
10 matter for **July 1, 2022**, as ready for the District Judge's consideration. The failure to timely
11 object may affect the right to appeal.
12    DATED this 13th day of June, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6