UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYCE A. JACKSON, | CASE NO. C22-5304 RSM |
| Plaintiff, | ORDER |
| v. | |
| CHUCK ATKINS, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's post-judgment filings. Dkts. ##16, 17. Both filings retread the arguments that Plaintiff has previously set forth, namely that his complaint (Dkt. #5) is not legally deficient. The Court has explained, numerous times, that Plaintiff is wrong. *See* Dkts. ##6, 8, 10. Nothing in the latest filings casts any doubt on the Court's prior rulings and the Court therefore declines to grant any relief.

Plaintiff seeks to sue the Clark County Sheriff and several commanders in the Sheriff's "Corrections Branch" for constitutional violations that allegedly arose from his interactions with corrections staff while housed in the Clark County Jail. Dkt. #5. Plaintiff has been advised that he cannot assert claims against supervisors—the commanders and Sheriff—based solely on their supervisory role and the allegedly unconstitutional actions of their subordinates. Dkt. #6 at 3–4 (citing *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989)); Dkt. #8 at 2–3; Dkt. #10 at 4;

ORDER – 1

*see also Gonzalez v. Holder*, 763 F. Supp. 2d 145 (D.D.C. 2011) (warden not liable for alleged unconstitutional acts of his subordinates under theory of respondeat superior, in prisoner's action, alleging that prison officials and prison doctors were deliberately indifferent to prisoner's medical needs, in violation of Eighth Amendment); *Knowles v. New York City Dept. of Corrections*, 904 F. Supp. 217 (S.D.N.Y. 1995) (city department of corrections not vicariously liable to inmate for constitutional violation by guards; department is liable only if violations were part of pattern or practice). Despite legal precedent, Plaintiff argues that it is sufficient for him to allege, on speculative inference alone, that the actions of every individual corrections officer were undertaken with express direction from the named commanders and/or Sheriff. *See generally*, Dkts. ##16–17. But even if Plaintiff made some effort to attribute specific actions to specific named defendants, which he did not, he has been informed that such speculative and generalized allegations are insufficient to adequately state a claim against the named defendants in their individual capacities.

The Court has indicated that Plaintiff could perhaps adequately state a claim against the named defendants in their official capacities, essentially a claim against their employer, Clark County. Dkt. #6 at 5; Dkt. #8 at 3; Dkt. #10 at 5–6. This would require that Plaintiff

> allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). To establish municipal[] liability under § 1983, Plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 385–90.

Dkt. #10 at 5. But Plaintiff was repeatedly informed that the allegations of his complaint did not adequately state an official capacity claim. *See* Dkt. #6 at 5; Dkt. #8 at 3; Dkt. #10 at 6.

ORDER – 2

Rather than welcome the opportunity to cure his complaint's identified deficiencies, Plaintiff repeatedly argued that the allegations of his complaint were adequate. Dkts. ##7, 9, 11–13, 16–17. But Plaintiff failed to provide any legal authorities demonstrating that his complaint was legally sufficient, deciding instead to repeat the same unsupported narrative arguments that had previously been rejected. Likewise, Plaintiff did not engage with the legal authorities that the Court cited as the basis for its conclusions to explain why they should not apply in this instance or to understand why they do.

As a final point, Plaintiff's filings also complain that the Court did not substantively address his objections before adopting the Report and Recommendation ("R&R") and dismissing the action. Dkt. #17 at 1. Plaintiff argues that the Federal Rules of Civil Procedure require the Court "to explain [the] decision" and "to answer the objections that Plaintiff raised." *Id.* But the Court does not agree that its resolution of the R&R was deficient.

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). If a party files specific written objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." FED. R. CIV. P. 72(b)(3).

Here, Plaintiff's objections were general and merely argued that the R&R's conclusions were incorrect. As a result, the Court included a simple footnote indicating that it had reviewed, de novo, the R&R, Plaintiff's objections, and the case's prior records and had concluded that Plaintiff's objections "fail[ed] to demonstrate any error of law or fact" that would call the R&R's accurate legal reasoning into question. Seeing no errors, the Court adopted the R&R.

Accordingly, and having considered Plaintiff's post-judgment filings and the remainder of the record, the Court finds and ORDERS that:

ORDER – 3

1. Plaintiff's Memorandum (Dkt. #16), to the extent it seeks affirmative relief, is DENIED.

2. Plaintiff's Motion to Amend Judgement (Dkt. #17) is DENIED.

3. The Clerk is requested to send a copy of this Order to Plaintiff at his last known address.

4. This case remains CLOSED.

DATED this 21st day of July, 2022.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4